# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-701-DCK

| | |
|---|---|
| MARSHALL O. LOWERY, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Seal" (Document No. 35) filed on February 12, 2018. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

## STANDARD OF REVIEW

A party who seeks to seal any pleading must comply with Local Civil Rule 6.1. The Local Civil Rule ("L.Cv.R.") provides in relevant part as follows:

**L.Cv.R 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to L.Cv.R 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

**(d)** *Filing of an Unredacted Copy Allowed*. The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

**(e)** *Public Notice*. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with L.Cv.R. 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed.R.Civ.P. 24. Where the Court acts before the response, any party or non- party may move to unseal at any time.

**(f)** *Orders Sealing Documents*. When addressing motions to seal, the Court must consider alternatives to sealing. If the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision. The Court will also specify whether the sealing is temporary or permanent, and also may redact such orders in its discretion.

L.Cv.R. 6.1 (W.D.N.C. 2018).

## DISCUSSION

Plaintiff seeks to file certain exhibits under seal in support of his motion for summary judgment because they contain tax return information about identified taxpayers. (Document No. 35, pp. 2-3). Plaintiff contends that absent a Court order permitting disclosure, he could be liable for civil or criminal sanctions if he publicly disclosed the information in the exhibits. (Document No. 35, pp. 1-3) (citing 26 U.S.C. §§ 7216 and 6713). Plaintiff acknowledges that Treas. Reg. § 301.7216-2(g) may allow him to disclose tax return information to the Court, but he believes an express Order permitting such disclosure is required. Id.

Defendant filed its "Opposition To Plaintiff's Motion To Seal" (Document No. 39) on February 26, 2018. Defendant agrees with Plaintiff that a tax return preparer is prohibited by § 7216 from "disclosing information furnished to him in connection with the preparation of any return, or from using any such information for any purpose other than to prepare or assist in preparing any such return." (Document No. 39, pp. 1-2) (citing 26 U.S.C. §§ 6713, 7216). However, Defendant contends Plaintiff's motion should be denied because "exceptions identified by 26 U.S.C. § 7216(b)(1) allow disclosure in this case because (1) Treas. Reg. § 301.7216-2(g) permits disclosure, and (2) disclosure is permitted by the Court's modified order scheduling dispositive briefing." (Document No. 39, p. 1).

First, Defendant argues that disclosure of the information Plaintiff seeks to file under seal is permitted "[t]o any officer of a court for use in connection with proceedings involving the tax return preparer (including proceedings involving the tax return preparer in his capacity as a practitioner), or the return preparer's client, before the court or before any grand jury that may be convened by the court." See (Document No. 39, p. 2) (quoting 26 C.F.R. § 301.7216-2, Treas. Reg. § 301.7216-2(g)). In addition, Defendant contends that 26 U.S.C. § 6103(h)(4) "grants the

United States authority to publically disclose the information that the plaintiff seeks to seal," and it has so disclosed in its "Cross-Motion For Summary Judgment." (Document No. 39, p. 3) (citing Document Nos. 36 and 37).

Second, Defendant argues that disclosure of the non-parties' tax information is allowed by the Court's modified scheduling "Order" (Document No. 31) which directed that the deadline for dispositive motions was extended to February 21, 2018. (Document No. 39, p. 3). Defendant suggests that an order setting a dispositive motions deadline requires the presentation of material facts, and thus, is an order allowing disclosure of otherwise confidential information under 26 U.S.C. § 7216(b)(1)(B). (Document No. 39, pp.3-4).

"Plaintiff's Notice Of Intent Not To file A Reply Brief" (Document No. 41) was filed on February 27, 2018. Although Plaintiff has declined to file a reply brief, the undersigned notes that Plaintiff has stated that he "has no objection to publicly filing these documents," but requests that the Court issue an Order permitting the use and disclosure of the information via a public filing. (Document No. 35, p. 3).

The Court is required to consider the factors contained in Local Civil Rule 6.1(c). The first factor is found in Local Civil Rule 6.1(c)(1), which requires that the parties adequately describe the materials sought to be sealed. The Rule requires "[a] non-confidential description of the material sought to be sealed." L.Cv.R. 6.1(c)(1). The Rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is limited, but adequate. (Document No. 35).

The Court next considers Local Civil Rule 6.1(c)(2), which requires "[a] statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(c)(2). Plaintiff asserts that "there are no alternatives to filing these exhibits under seal," but provides no

4

further explanation as to why there are no alternatives. (Document No. 35, p. 3). For example, Plaintiff does not discuss whether any or all of the proposed exhibits could be redacted. Moreover, neither Plaintiff nor Defendant appear to address the position(s) of the taxpayers who are subject to having their information publicly filed in this matter.

As to Local Civil Rule 6.1(c)(3), Plaintiff does not appear to address how long the materials should remain under seal or how the matter of unsealing should be handled. (Document No. 35). There are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives.

Finally, the Court has considered Local Civil Rule 6.1(c)(4), which requires the parties to provide citations of law supporting the relief they seek. The parties have cited to legal authority as noted above, however, they disagree as to the application of that law. Defendant suggests that Plaintiff has an extremely narrow reading of the relevant law. (Document No. 39, p.3).

The undersigned finds this to be a close call. Contrary to Defendant's position, the undersigned does not agree that Plaintiff takes an extremely narrow view of the applicable regulations and/or code. Rather, the law generally holds that taxpayer information should be confidential and only publicly disclosed pursuant to certain exceptions. As such, it was appropriate for Plaintiff to file the pending motion. Moreover, the undersigned does not agree that an order extending the deadline for dispositive motions, or any other order in this matter to date, somehow opened the door to the parties filing confidential taxpayer information.

Nevertheless, it appears that the United States was permitted (but not required) to publicly disclose taxpayer information pursuant to 26 U.S.C. § 6103(h)(4). Neither Plaintiff, nor any non-party, has objected to or moved to seal Defendant's disclosures in its briefing. See (Document Nos. 36 and 37). And, as noted above, "Plaintiff has no objection to publicly filing these

documents," *if* the Court issues an order permitting such disclosure.

Having considered the factors provided in Local Civil Rule 6.1(c), the arguments of the parties, and applicable authority, the Court will grant the motion to seal, but also require Plaintiff to file a redacted version of his exhibits. Plaintiff's unsealed exhibits shall redact taxpayer identifying information as Plaintiff's counsel determines is appropriate and necessary.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Seal" (Document No. 35) is **GRANTED**. Plaintiff may file an unredacted version of its exhibits <u>under seal</u> on or before **June 8, 2018.**

**IT IS FURTHER ORDERED** that Plaintiff shall also file a redacted version of its exhibits that is <u>not under seal</u>, on or before **June 8, 2018**.

**IT IS FURTHER ORDERED** that counsel for the parties shall appear before the Court at 2:00 p.m. on **August 7, 2018**, prepared to discuss the status of this case and to present oral arguments regarding the pending motions for summary judgment

**SO ORDERED**.

Signed: May 30, 2018

David C. Keesler
United States Magistrate Judge