# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-701-DCK

| | |
|---|---|
| MARSHALL O. LOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** regarding "Plaintiff's Motion For Summary Judgment" (Document No. 33) and Defendant's "Cross-Motion For Summary Judgment" (Document No. 36). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition.

After carefully considering the pending motions, the record, applicable authority, and the arguments of counsel at a hearing on August 7, 2018, the undersigned has decided to allow (and encourage) the parties to file supplemental briefs in support of their positions. The Court has not reached a final decision on either of the parties' arguments on the cross motions for summary judgment; however, it appears that: (1) Defendant has failed to set forth specific facts showing there is a genuine issue for trial as to the nineteen (19) tax returns that were not prepared or signed by Plaintiff; and (2) Plaintiff has failed to show there are not genuine issues of fact as to the six (6) tax returns that Plaintiff did prepare and sign.

Plaintiff contends there is no genuine issue as to any material fact regarding his claims, and that he is entitled to judgment as a matter of law. (Document No. 33, p. 1). Defendant seeks summary judgment that Plaintiff is liable for twenty-five (25) preparer penalties assessed against

him, plus statutory interest. (Document No. 36, p. 1). In support of its motion, Defendant states that the Court must decide two issues: (1) "whether Mr. Lowery is the 'return preparer' responsible for the six returns he prepared and the nineteen returns for which he was the employer of the return preparers;" and (2) "whether the understatement of the tax liability on the returns was the result of either willful or reckless conduct." (Document No. 37, p. 5). Later, responding to Plaintiff's motion, Defendant states that: "[t]he only question before the Court is whether Mr. Lowery **and** his employees willfully, or with an intentional or reckless disregard of the applicable rules and regulations, understated the taxpayers' liability for the twenty-five returns at issue." (Document No. 40, pp. 2-3, 8) (citing 26 U.S.C. § 6694(b)) (emphasis added).

At this point, the undersigned will assume *arguendo* that Plaintiff can be considered a "tax return preparer" of all twenty-five (25) tax returns underlying this lawsuit. See 26 U.S.C. § 7701 (a)(36)(A); United States v. Stinson, 239 F.Supp.3d 1299, 1318 (M.D.Fla. May 3, 2017) ("statutory definition of tax return preparer is broadly written to include those who 'employ' others to prepare tax returns") and Tiddy v. United States, 956 F.2d 1163, at *2 (4th Cir. Mar. 24, 1992). However, as Defendant suggests in its briefs, the key question is whether Plaintiff willfully or recklessly disregarded applicable rules and regulations to understate taxpayers' liability.

Plaintiff makes a compelling argument that even if he is a "tax return preparer" of the nineteen tax returns, Defendant has failed to satisfy its burden of showing that the alleged understatement of those tax returns was the result of Plaintiff's willful conduct. (Document No. 42, p. 11). Regarding the willfulness requirement, Plaintiff asserts:

> Under the law, "[a] preparer is considered to have willfully attempted to understate liability if the preparer disregards, in an attempt wrongfully to reduce the tax liability of the taxpayer, information furnished by the taxpayer or other persons." Treas. Reg. § 1.6694-3(b). Willfulness under I.R.C. § 6694(b) "requires a conscious act or omission made in the knowledge that a duty is

2

> therefore not being met." *Richey v. U.S. I.R.S.*, 9 F.3d 1407 (9th Cir. 1993); *Pickering v. United States*, 691 F.2d 853, 855 (8th Cir. 1982). Neither the alleged failure to make inquiries nor the alleged failure to "exercise the duty of care" rises to the level of willfulness required under the statute. The Defendant points to no evidence furnished to Mr. Lowery that Mr. Lowery disregarded. The mere failure to make inquiries or exercise some undefined "duty of care" does not equate to the disregard of information provided.

(Document No. 42, p. 15).

Although Defendant acknowledges its burden to prove that the understatement of the underlying tax returns was willful, Defendant focuses on an argument that Plaintiff "is not entitled to judgment as a matter of law for the nineteen returns prepared by his employees" because he has failed "to demonstrate that the understatement on the returns was not the result of reckless or intentional conduct." (Document No. 40, p. 8).

The undersigned notes that Plaintiff, *inter alia*, asserts that: (1) Defendant admits that Plaintiff did not sign, did nothing to determine the position of, and that there is no evidence he prepared any part of the nineteen returns. (Document No. 34, p. 9) (citing Document No. 34-2; Document No. 52-2). The "Declaration Of Marshall Lowery" states in pertinent part:

> As to the nineteen (19) tax returns prepared by preparers other than me and at issue in this case, I had no involvement whatsoever in the preparation of those returns. I had no supervisory role with respect to any of these returns. Other than what I have learned in the course of these proceedings, I have no knowledge of what positions the preparer took on the returns or why the preparers took those positions.

(Document No. 43-1, p. 3); see also (Document No. 52-7). Moreover, like the testimony of its 30(b)(6) witness, "Defendant's Statement Of Undisputed Material Facts…" appears to support Plaintiff's position that for the nineteen returns Plaintiff did not sign, there is no evidence of his involvement with those returns, much less evidence of willful or reckless conduct by Plaintiff. See (Document No. 37-1, pp. 13-32 and Document No. 52-2)).

3

Nevertheless, Defendant argues that its cross-motion "is supported by **overwhelming evidence** sufficient to prove that Mr. Lowery is liable for the penalty assessed against him under Section 6694(b)" and further asserted at the hearing that Plaintiff had "substantial involvement in *all* returns." (Document No. 48, p. 1) (emphasis added). The undersigned is not persuaded there is such evidence. Rather, Plaintiff appears to make a compelling argument that he did not engage in willful or reckless actions sufficient to support the penalties levied against him, at least as to the nineteen returns signed and prepared by others.

To the extent Defendant relies on Plaintiff's peripheral involvement in the nineteen returns as a third-party designee, or the provider of training and/or training materials to the employees who prepared the returns, the undersigned is not convinced that such involvement can support willful or reckless conduct related to any of the nineteen returns in question. The undersigned is not persuaded at this stage that there is legal authority supporting a finding that Plaintiff is vicariously liable for the actions of his alleged employees. The cases relied upon by Defendant to date in support of a position that Plaintiff can be liable under 26 U.S.C. § 6694(b), despite having little or no involvement with the returns, appear to be distinguishable.

For example, Defendant attaches great weight to Schneider v. United States, 257 F.Supp.2d 1154 (S.D.Ind. Feb. 5, 2003), but in that case it is undisputed that Mr. Schneider worked on the return in question and was the *signing* tax return preparer. The court opined that a professional tax return preparer cannot escape liabilities for any deficiencies by casting blame on employees in a tax return he signed. Schneider, 257 F.Supp.2d at 1160-1161. See also United States v. Heggins, 240 F.Supp.3d 399, 405 (W.D.N.C. 2017) ("Defendant admitted in his criminal case he recruited others to assist with preparation and filing of fraudulent IRS Forms and tax returns"); United States v. Brier et al., 2010 WL 4510945, at *12-13 (D.R.I. Nov. 5, 2010) (Defendant Brier engaged

in willful and reckless conduct preparing large numbers of returns); and United States v. Jerry O. Adams III, 445 F.Supp.2d 586 (W.D.N.C. May 23, 2006) (Jerry Adams determined to be tax preparer and enjoined under 26 U.S.C. § 6694 & 6695, even though his son Brian Adams was the sole proprietor of First Choice Tax Service and transmitted the returns to the IRS).[1]

Unlike the nineteen returns Plaintiff contends he was not involved with, there does appear to be sufficient evidence to create a genuine issue of fact as to Plaintiff's conduct regarding the six returns he admits to preparing and signing. It appears likely that at least as to those returns this matter will need to go before a jury if the parties cannot reach an amicable resolution.

In short, the undersigned has determined it may be helpful to allow the parties one more opportunity to argue their positions on the relevant facts and legal authority of this case. The undersigned continues to keep an open mind, but so far it appears that this case will likely require a trial on issues of fact related to Plaintiff's alleged willful and reckless conduct in the preparation of at least six returns, and possibly, all twenty-five.

Finally, the undersigned respectfully encourages the parties' experienced and capable counsel to consider further settlement discussions that might result in a satisfactory result for both sides without additional expense, delay, and Court intervention.

**IT IS, THEREFORE, ORDERED** that each side may file a supplemental brief of **twelve (12) pages or less** in support of its motion for summary judgment, on or before **August 24, 2018**. Responses to supplemental briefs shall be filed on or before **August 31, 2018**. Reply briefs will not be allowed unless otherwise ordered.

---

[1] If the parties file supplemental briefs, they may also want to further address the applicability of cases previously cited in the briefs or at the hearing such as Stinson, Mesadieu, and Carlson. The Court is especially interested in any caselaw or other legal authority that addresses the liability of an alleged employer pursuant to 26 U.S.C. § 6694(b) who had little, if any, involvement in the actual preparation of allegedly deficient tax returns.

**SO ORDERED**.

Signed: August 15, 2018

David C. Keesler
United States Magistrate Judge