**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:16-CV-701-DCK**

| | | |
|---|---|---|
| **MARSHALL O. LOWERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     **THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 33) and Defendant's "Cross-Motion For Summary Judgment" (Document No. 36). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. Having carefully considered the written submissions, the record, applicable authority, and the arguments of counsel at a hearing on August 7, 2018, the undersigned will <u>grant</u> the motions in part and <u>deny</u> the motions in part.

## I.    BACKGROUND

     Plaintiff Marshall O. Lowery ("Plaintiff" or "Lowery") initiated this action against the United States of America ("Defendant" or "United States") with the filing of his "Complaint" (Document No. 1) on October 3, 2016. The Complaint states that "[t]his is an action for refund of tax preparer penalties and for determination of the Plaintiff's liability for such penalties, brought pursuant to Section 7422 of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 7422, and I.R.C. § 6694(c)." (Document No. 1, p. 2). The Complaint's only claim for relief is a "Claim for Refund and Determination of Liability, I.R.C. §§ 6694(c) and 7422." (Document No. 1, pp. 14-15).

This action arises from tax returns prepared for tax years 2009 and 2010, when Plaintiff was the sole member of Computer Plus, LLC, d/b/a "Rapid Tax" ("Computer Plus"). (Document No. 1, p. 2). Computer Plus "employed individuals, including the Plaintiff, to provide paid tax preparation services to its clients." <u>Id.</u>

On or about August 7, 2014, Defendant initially sought to impose $170,000 in tax preparer penalties against Plaintiff, arising out of thirty-four (34) tax returns. (Document No. 34, p. 5) (citing Document No. 51-1). On appeal, IRS Appeals Officer Maria A. Frazier ("Frazier") concluded on or about September 23, 2015, that there was insufficient evidence to support a penalty in nine (9) of the twenty-five (25) returns now at issue in this case, and recommended reducing the penalty from $170,000 to $100,000. (Document No. 34, pp. 6-7) (citing Document No. 51-4).

On or about January 24, 2016, Plaintiff sent a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for every document in the IRS files relating to the proposed penalties to be assessed against Plaintiff. (Document No. 1, p. 5). To date, no documents have been provided. <u>Id.</u> <u>See also</u> (Document No. 28, ¶ 17).

Before the final penalties were assessed, the appeal was reassigned to IRS Appeals Officer Sandra Mical ("Mical"). (Document No. 34, p. 7) (citing Document No. 51-5). On or about January 26, 2016, Mical recommended an assertion of $77,500 in penalties against Plaintiff. (Document No. 51-5, p. 3). Specifically, Mical recommended an assertion of a full penalty ($5,000 each) for each of the six (6) returns Mr. Lowery prepared; and she recommended a 50% penalty ($2,500) as to each of the nineteen (19) returns prepared by independent franchisees or employees

of Computer Plus.[1]  Id.  In recommending the reduced penalties, Mical noted that there were "hazards to both parties" as to whether Mr. Lowery would be determined to be the "tax return preparer."  Id.  "Additionally, 5 of the 19 returns have significant evidentiary hazards as the client was a no show during the examination or there is a **severe lack of evidence** in the files."  Id. (emphasis added).

"On February 22, 2016, notice and demand was sent to the Plaintiff for alleged tax preparer penalties assessed pursuant to I.R.C. § 6694(b) and arising out of twenty-five (25) tax returns prepared for tax years 2009 and 2010."  (Document No. 1, p. 2).  On March 22, 2016, Plaintiff filed Forms 6118 ("Claim for Refund of Tax Return Preparer and Promoter Penalties") for each assessed penalty and provided payment in the amount of 15% of each penalty.  Id.  The Internal Revenue Service ("IRS") took no action on Plaintiff's claims for refund, so Plaintiff filed this action six (6) months later in accordance with I.R.C. § 6694(c) and Treas. Reg. § 1.6694-4.  Id.

The "United States of America's Answer And Counterclaim" (Document No. 6) was filed on December 19, 2016.  The parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 8) was then filed on January 5, 2017, along with their "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No 9).  Based on the parties' "Certification And Report…," the Court issued a "Pretrial Order And Case Management Plan" (Document No. 10) on January 9, 2017.

The "United States of America's Amended Answer And Counterclaim" (Document No. 28) was filed by consent on December 26, 2017.  By its Counterclaim, Defendant seeks to "reduce

---

[1]  The undersigned will reference the "six (6) returns" throughout this Order as those returns prepared and signed by Plaintiff Lowery;  and the "nineteen (19) returns" as those returns prepared and signed by others. See (Document No. 1;  Document No. 34, pp. 9, 15-20;  Document No. 49).

to judgment outstanding federal tax assessments under 26 U.S.C. § 6694(b) against Counterclaim-Defendant Marshall O. Lowery." (Document No. 28, p. 7). The United States contends that Lowery is the "statutory return preparer of returns filed by Computer Plus doing business as Rapid Tax because he is the sole owner of Computer Plus." (Document No. 28, p. 8). To the extent Plaintiff Lowery contends Computer Plus is the employer of Rapid Tax return preparers, Defendant asserts that the corporate veil should be pierced, as Lowery is the actual employer of Rapid Tax return preparers. Id.

Defendant's Counterclaim further contends that thirty-eight (38) of forty-one (41) returns the IRS examined required income adjustments totaling $856,579, and additional tax liabilities of $192,775, for clients of Computer Plus doing business as Rapid Tax. (Document No. 28, p. 9). As a result, the United States made twenty-five (25) individual penalty assessments under 26 U.S.C. § 6694(b) against Plaintiff "because he either prepared the returns at issue in this case or employed individuals to prepare the returns at issue in this case." Id. Defendant's Counterclaim seeks a judgment: (1) denying Plaintiff's Complaint; and (2) awarding the balance of the penalties still owed by Plaintiff - $16,045.22, plus statutory interest. (Document No. 28, pp. 10-11).

"Plaintiff's Motion For Summary Judgment" (Document No. 33) was filed on February 12, 2018. Plaintiff Lowery seeks summary judgment "on all issues and/or claims for relief set forth in the Complaint." (Document No. 33, p. 1). Defendant's "Cross-Motion For Summary Judgment" (Document No. 36) was filed on February 21, 2018. Defendant United States seeks judgment that Lowery "is liable for 25 return preparer penalties assessed against him and the unpaid balance of $16,045.22 as of November 7, 2016, plus statutory interest." (Document No. 36, p. 1).

On May 29, 2018, the parties filed a "Joint Stipulation" (Document No. 49). The parties' stipulation notes that the amount of "combined penalty assessments for 2009 and 2010" against Plaintiff Lowery is $77,500. (Document No. 49, p. 1). The parties agree that as of May 24, 2018, Plaintiff had paid through direct payment or statutory offsets of his income tax refunds a total amount of $67,374.78. (Document No. 49, p. 2). Defendants now seeks judgment in the amount of $11,416.07, plus statutory interest; and Plaintiff seeks a refund of $67,374.78, plus any additional amounts paid through statutory offsets, and statutory overpayment interest. (Document No. 49, p. 3).

The pending summary judgment motions have been fully briefed. See (Document Nos. 34, 37, 40, 42, 43, and 48). At Plaintiff's request, and to assist the Court's consideration of this matter, the undersigned held a Status and Motions Hearing on August 7, 2018. In addition, the Court allowed the parties to file supplemental briefs. See (Document Nos. 55, 58, 59, 60, and 61).

This matter is now ripe for review and disposition.

## II.     STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. Id.

When considering cross-motions for summary judgment, a court evaluates each motion separately on its own merits using the standard set forth above. See Rossignol v. Voorhaar, 316 F.3d 516, 522 (4th Cir. 2003); accord Local 2-1971 of Pace Int'l Union v. Cooper, 364 F.Supp.2d 546, 554 (W.D.N.C. 2005).

## III.    DISCUSSION

As noted above, the IRS assessed the underlying twenty-five (25) individual penalties against Plaintiff pursuant to 26 U.S.C. § 6694(b). (Document No. 1, p. 2; Document No. 28, p. 1). In most pertinent part, 26 U.S.C. § 6694(b) states the following:

**(b) Understatement due to willful or reckless conduct.--**

**(1)    In general.--**Any tax return preparer who prepares any return or claim for refund with respect to which any part of an understatement of liability is due to a conduct described in paragraph (2) shall pay a penalty with respect to each such return or claim in an amount equal to the greater of**--**

**(A)** $5,000, or

**(B)** 75 percent of the income derived (or to be derived) by the tax return preparer with respect to the return or claim.

**(2) Willful or reckless conduct.**--Conduct described in this paragraph is conduct by the tax return preparer which is--

    **(A)** a willful attempt in any manner to understate the liability for tax on the return or claim, or

    **(B)** a reckless or intentional disregard of rules or regulations.

26 U.S.C. § 6694(b)(1) & (2).

A "tax return preparer" is "any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by this title or any claim for refund of tax imposed by this title." See 26 U.S.C. § 6694(f) (citing I.R.C. § 7701 (a)(36)); see also United States v. Heggins, 3:16-CV-794-FDW-DCK, 240 F.Supp.3d 399, 405 (W.D.N.C. 2017). A "signing preparer" is "any preparer who signs a return of tax or claim of refund as a preparer." Schneider v. United States, 257 F.Supp.2d 1154, 1160 (S.D. Ind. 2003) (quoting 26 C.F.R. § 1.6694-2, Treas. Reg. § 1.6694-2). "[T]he signing tax return preparer generally will be considered the person who is primarily responsible for all of the positions on the return." 26 C.F.R. § 1.6694-1(b)2), Treas. Reg. § 1.6694-1(b)(2); see also Schneider, 257 F.Supp.2d at 1160.

"A nonsigning tax return preparer is any tax return preparer who is not a signing tax return preparer but who prepares all or a substantial portion of a return or claim for refund within the meaning of paragraph (b)(3) of this section with respect to events that have occurred at the time the advice is rendered." (Document No. 1, p. 4) (quoting Treas. Reg. § 301.7701-15(b)(2); 26 C.F.R. § 301.7701–15(b)(2)).

An individual is a tax return preparer subject to section 6694 if the individual is primarily responsible for the position(s) on the return or claim for refund giving rise to an understatement. See § 301.7701–15(b)(3). There is only one individual within a firm who is primarily responsible for each position on the return or claim for refund giving rise to an understatement.

. . .

If there is no signing tax return preparer within the meaning of § 301.7701–15(b)(1) of this chapter for the return or claim for refund within the firm or if, after the application of paragraph (b)(2) of this section, it is concluded that the signing tax return preparer is not primarily responsible for the position, the nonsigning tax return preparer within the meaning of § 301.7701–15(b)(2) of this chapter within the firm with overall supervisory responsibility for the position(s) giving rise to the understatement generally will be considered the tax return preparer who is primarily responsible for the position for purposes of section 6694 . . . .

26 C.F.R. § 1.6694-1(b)(1)-(3).

Plaintiff contends that for each tax return in question, the IRS was required to determine if Plaintiff signed the tax return as preparer, or whether some other preparer signed the return. (Document No. 1, p. 4). If a person other than Plaintiff signed the return as preparer, then "the signing tax return preparer generally will be considered the person who is primarily responsible for all of the positions on the return or claim for refund giving rise to an understatement unless, based upon credible information from any source, it is concluded that the signing tax return preparer is not primarily responsible for the position(s) on the return or claim for refund giving rise to an understatement." Id. (quoting 26 C.F.R. § 1.6694-1(b)(2); Treas.Reg. § 1.6694-1(b)(2)).

"The statutory definition of income tax preparer, read in conjunction with the regulations to section 6694, conclusively answers the question of who shall be deemed the preparer as between a signing and non-signing member of a firm." Schneider, 257 F.Supp.2d at 1160. The regulations "simply make clear that a professional preparer **who signs a tax return** may not avoid a preparer penalty by casting blame on his or her employees." Id. (emphasis added).

Of the twenty-five (25) returns at issue in this case, nineteen (19) were signed by preparers other than Plaintiff. (Document No. 1, pp. 6, 8; and Document No. 34, p. 9). Five (5) of these nineteen (19) were prepared by employees of independent franchisees of Computer Plus, and fourteen (14) were prepared by employees of Computer Plus other than Plaintiff. (Document No. 1, pp. 6, 8). The Complaint asserts that "Plaintiff was not a signing tax return preparer for any of these returns." (Document No. 1, ¶¶ 20 and 31). The "United States Of America's Amended Answer And Counterclaim" (Document No. 28) "Denies" Plaintiff's contention that he did not sign any of the nineteen (19) returns; however, Plaintiff notes that Defendant's 30(b)(6) witness acknowledged in deposition testimony that there is no evidence that Plaintiff signed or prepared any part of these returns. (Document No. 34, p. 9) (citing Document No. 34-2) (citing Document No. 51-2).

## A. Plaintiff's Motion For Summary Judgment

In support of his motion, Plaintiff first argues that there is no legal or factual basis to conclude that he was the non-signing preparer of any returns prepared by Computer Plus employees. (Document No. 34, pp. 8-10). Plaintiff asserts that Defendant admits that the IRS has done nothing to determine whether the signing preparers of these returns were or were not primarily responsible for the positions on the returns; and admits that there is no evidence Plaintiff prepared any part of these returns. (Document No. 34, p. 9) (citing Document No. 34-2 and Document No. 51-2). Plaintiff further asserts that even if it was determined he played a role in the preparation of these returns, there is no evidence that he disregarded any information provided by the taxpayer, or intentionally or recklessly disregarded any rule or regulation. (Document No. 34, p. 10).

Next, Plaintiff argues that there are three critical flaws to Defendant's position that Plaintiff is liable as the "employer" of any of the signing tax return preparers.  (Document No. 34, pp. 10-14).  First, "Defendant's own 30(b)(6) witness admits that Computer Plus LLC was the employer of these preparers, not Mr. Lowery."  (Document No. 34, p. 11) (citing Document No. 51-2, pp. 20-21, 92-93).  Second, there is no evidentiary support indicating Plaintiff had a supervisory role/involvement with these returns, and no basis he had *any* involvement with these returns.  (Document No. 34, pp. 11-12) (citing Document No. 51-7).  Third, there is no legal basis that Plaintiff can be liable as the "third-party designee" on some of the returns.  (Document No. 34, pp. 13-14).  Plaintiff contends that such designation has no relevance to tax preparer liability.  (Document No. 34, p. 14).

Plaintiff's third main argument in support of his motion asserts that, as to the six (6) returns that he acknowledges he was the signing preparer, Defendant cannot show that he disregarded information given to him.  (Document No. 34, pp. 15-20).  Plaintiff notes that liability under § 6694(b) against a tax return preparer requires that the preparer's understatement of tax liability was willful or reckless.  (Document No. 34, p. 15).  Plaintiff further notes that Defendant has alleged willfulness, but has failed to meet its burden of showing that Plaintiff "disregarded, in an attempt to wrongfully reduce the tax liability of the taxpayer, information furnished by the taxpayer or other persons.  Id. (citing Treas. Reg. § 1.6694-3(b)).

Finally, Plaintiff argues that Defendant's veil piercing and alter ego theories are without evidentiary support or legal foundation.  (Document No. 34, pp. 21-22).  Plaintiff contends "[i]n short, since there is no claim that Computer Plus LLC is liable for the penalties, there is no basis for asserting derivative liability against Mr. Lowery."  (Document No. 34, p. 21).

Based on the foregoing, Plaintiff concludes that he is entitled to summary judgment as to all claims. (Document No. 34, p. 22).

In its opposition brief, Defendant United States of America declines to directly address Plaintiff's arguments, and instead, focuses on three reasons it believes Plaintiff's motion is defective.

First, Defendant asserts that Plaintiff's motion is not supported by admissible evidence. (Document No. 40, pp. 1-4). Defendant also states that "[t]he only question before the Court is whether Mr. Lowery and his employees willfully, or with an intentional or reckless disregard of the applicable rules and regulations, understated the taxpayers' liability for the twenty-five returns at issue." (Document No. 40, pp. 2-3) (citing 26 U.S.C. § 6694(b)).

Second, Defendant asserts that it is "utterly irrelevant" whether Plaintiff is a "signing" or "non-signing" tax return preparer. (Document No. 40, p. 5). Defendant contends that there is no dispute that Plaintiff "prepared and signed six of the returns at issue," and that he "employed individuals **who prepared and signed** the remaining nineteen returns at issue." (Document No. 40, p. 6) (emphasis added). Defendant further contends that Plaintiff is a "return preparer" as an employer, because he is the sole member of Computer Plus, d/b/a Rapid Tax **which employed the return preparers who prepared the returns**." Id. (emphasis added). Defendant also takes the position that Treas. Reg. 1.6694-3(a)(2) is inapplicable here because it refers to a "firm," but the IRS did not assert firm liability in this case. (Document No. 40, p. 5). Defendant concludes that Plaintiff Lowery fits the statutory definition of a "return preparer" and is liable for understatements of tax liability on the returns at issue if they were either willful or the result of the intentional or reckless disregard of the applicable regulations. (Document No. 40, pp. 7-8).

Third, Defendant argues that Plaintiff has failed to meet his burden of showing that the returns at issue were not prepared in violation of §6694(b). (Document No. 40, pp. 8-14). Defendant first acknowledges that "the United States bears the burden of proving that the understatement was willfull," and then adds that Plaintiff "bears the burden of proving the understatement was not the result of reckless or intentional disregard of the applicable rules or regulation." (Document No. 40, p. 8) (citing Treas. Reg. § 1.6694-3(h)). Without addressing how it can satisfy its own burden, Defendant concludes that its position "is supported by overwhelming evidence," but that Plaintiff "cannot meet his burden." Id. Defendant re-asserts that Plaintiff has failed to support his alleged facts with admissible evidence. Id.

In reply, Plaintiff adds additional context and authority supporting his motion and addressing Defendant's concerns. (Document No. 42, pp. 2-16).

First, Plaintiff asserts that he has offered admissible evidence in support of his motion. (Document No. 42, pp. 2-6). Plaintiff contends that the underlying administrative proceedings show that the assessed penalties were "without rational foundation," and "arbitrary and erroneous" and that the evidence shows that Defendant's own agents cannot agree on a theory of liability. (Document No. 42, p. 3). Plaintiff further contends that there is clearly admissible, and uncontradicted, evidence that Plaintiff had no involvement, no knowledge, and no discussions regarding the preparation of the nineteen (19) returns. (Document No. 42, p. 4). In addition, Plaintiff asserts that his admissible testimony, and that of the taxpayers, defeats the assertions of liability against him pursuant to § 6694(b). (Document No. 42, pp. 4-5). Moreover, Plaintiff suggests that Defendant's 30(b)(6) witness' testimony is probative of the issues before the Court and supports his lack of involvement with the nineteen (19) returns, and that his work on the six (6) returns he signed was appropriate. (Document No. 42, p. 6).

Next, the reply re-asserts that Mr. Lowery was not the employer of the preparers of the nineteen (19) returns. Plaintiff suggests that is at least a dispute of fact as to whether he employed the preparers of the nineteen (19) returns, and that Defendant's 30(b)(6) witness testified that Computer Plus, not Lowery, employed those preparers. Id. (citing Document No. 34, p. 11).

Plaintiff then presents a compelling argument that *even if* he were deemed to be the employer of the preparers of the nineteen (19) returns, there is no evidence he engaged in conduct prohibited by § 6994(b). (Document No. 42, pp. 10-12). Plaintiff argues that § 6694(b) only imposes liability for the conduct of a tax return preparer whose conduct willfully understates the liability on the tax return, or recklessly or intentionally disregards rules or regulations. (Document No. 42, p. 10) (citing I.R.C. § 6694(b)). If Lowery, is the "tax return preparer," it is only his conduct that gives rise to the imposition of penalties. Id. Plaintiff further argues that this "is consistent with Treas. Reg. § 1.6694-3(a)(2), which imposes liability against a firm that employs a tax return preparer only when it can be shown that the firm was complicit in the wrongful act." Id. Plaintiff contends that "the statute was not intended to impose mere vicarious liability on the employer" and goes on to cite the legislative history of § 6694 for further support of his position:

> The penalty is not to be imputed to an employer of a tax return preparer solely by reason of the employment relationship; the employer or one or more of its chief officers also must have negligently or intentionally disregarded the rules or regulations if the employer is to be penalized. For example, if an employer or another employee supervises the preparation of a return by an income tax preparer, any negligent or intentional disregard of rules and regulations which occurs in connection with that return may be attributable to the person supervising the preparation of the return if that person had responsibility for determining whether or not the rules and regulations were followed, or if that person in fact knew that the rules or regulations were not followed.

(Document No. 42, p. 11) (citing Document. No. 40, p. 7) (citing Document. No. 37, pp. 6-7; H.R. Rep. No. 658, 94 Cong., 2nd Sess. 1976 U.S.C.C.A.N. 2897, 1975 WL 12389)). Plaintiff also notes that the relevant cases relied upon by Defendant indicate that the employers were directly involved in the wrongful conduct, unlike this case where Plaintiff was not involved with the nineteen (19) returns. (Document No. 42, pp. 11-12) (citing <u>U.S. v. Elsass</u>, 978 F.Supp.2d 901 (S.D.Ohio 2013); and <u>U.S. v. Heggins</u>, 240 F.Supp.3d 399 (W.D.N.C. 2017)).

Plaintiff's final argument in the reply contends that Defendant has failed to meet its burden of proof as to the penalties arising from the six (6) returns Plaintiff did prepare and sign. (Document No. 42, pp. 12-18). Plaintiff notes that the parties agree that for a penalty predicated on willful conduct the Defendant carries the burden of proof, and that Defendant has alleged that Plaintiff's conduct was willful; however, Plaintiff suggests that Defendant has not provided evidence of willful conduct. (Document No. 42, pp. 12-13). Plaintiff further notes Defendant filed a "Corrected Response" – after the close of discovery, and after Plaintiff filed his motion for summary judgment – asserting for the first time that Mr. Lowery engaged in reckless or intentional disregard of rules or regulations under § 6694(b)(2)(B). (Document No. 42, p. 13). Plaintiff objects to this change in position, but contends that Defendant has still failed to point to evidence that his conduct violated the statute. (Document No. 42, pp. 15-19).

Following the initial briefing, and noting Plaintiff's request for a hearing, the Court held a hearing on the cross motions for summary judgment. (Document No. 50). In addition, the Court provided the parties an opportunity to file supplemental briefs. <u>See</u> (Document No. 55). In allowing additional briefing, the undersigned noted that it did not appear that Defendant had presented "legal authority supporting a finding that Plaintiff is vicariously liable for the actions of his alleged employees." (Document No. 55, p. 4). The undersigned expressed particular interest

"in any caselaw or other legal authority that addresses the liability of an alleged employer pursuant to 26 U.S.C. § 6694(b) who had little, if any, involvement in the actual preparation of allegedly deficient returns." (Document No. 55, p. 5, n. 1). The undersigned also noted that the parties briefing to date appears to indicate that there is "sufficient evidence to create a genuine issue of fact as to Plaintiff's conduct regarding the six returns he admits to preparing and signing." (Document No. 55, p. 5).

The hearing and supplemental briefs have helped focus the issues here. Most notably, Plaintiff now contends he can prevail as to the nineteen (19) tax returns, even if he is considered the "tax return preparer." (Document No. 58, pp. 2-5). Plaintiff asserts that "[l]iability under I.R.C. § 6694(b) cannot attach unless Mr. Lowery engaged in "willful or reckless conduct' with respect to which any part of an understatement of liability is due." (Document No. 58, p. 2) (citing I.R.C. § 6694(b)). Assuming, *arguendo*, that Plaintiff is the tax return preparer by virtue of being the employer, Plaintiff argues there must be evidence that *he* engaged in willful or reckless conduct to hold him liable for penalties under §6694(b). (Document No. 58, pp. 2-3). The undersigned agrees.

"[A] preparer is considered to have …. intentionally disregarded a rule or regulation **if the preparer takes a position** on the return or claim for refund that is contrary to a rule or regulation and the preparer …. knows of the rule or regulation in question." Schneider, 257 F.Supp.2d at 1161 (quoting Treas. Reg. § 1.6694-3(c)(1)) (emphasis added). Here, even if considered to be a tax return preparer of the nineteen (19) returns in question, there is no evidence that Plaintiff took a position on any of these returns. See ("Defendant's Statement Of Undisputed Material Facts… (Document No. 37-1); "Declaration Of Marshall Lowery" (Document No. 43-1); "Deposition Of

Marshall O. Lowery" (Document No. 51-7); "30(b)(6) Deposition of the United States of America Celia C. Theiler" (Document No. 51-2).

The undersigned notes that Plaintiff, *inter alia*, asserts that: (1) Defendant admits that Plaintiff did not sign these returns; (2) the IRS did nothing to determine the signing preparer was not primarily responsible for these returns; and (3) there is no evidence Plaintiff prepared any part of the nineteen (19) returns. (Document No. 34, p. 9) (citing Document No. 34-2; Document No. 52-2). The "Declaration Of Marshall Lowery" states in pertinent part:

> As to the nineteen (19) tax returns prepared by preparers other than me and at issue in this case, I had no involvement whatsoever in the preparation of those returns. I had no supervisory role with respect to any of these returns. Other than what I have learned in the course of these proceedings, I have no knowledge of what positions the preparer took on the returns or why the preparers took those positions.

(Document No. 43-1, p. 3); see also (Document No. 52-7). Moreover, like the testimony of its 30(b)(6) witness, "Defendant's Statement Of Undisputed Material Facts…" appears to support Plaintiff's position that for the nineteen (19) returns Plaintiff did not sign, there is no evidence of his involvement with those returns, much less evidence of willful or reckless conduct by Plaintiff. See (Document No. 37-1, pp. 13-32 and Document No. 52-2)).

Although Defendant alleged at the hearing that Plaintiff had substantial involvement with *all* the returns at issue in this case, Defendant has failed to forecast any evidence to support such allegation and the record cited in the preceding paragraphs indicates that there is no such evidence. Defendant also argued at the hearing that the mere fact Plaintiff was the employer is enough to hold him liable for all the returns in this case.

As noted above, the undersigned encouraged Defendant to identify authority that might support finding a tax return preparer liable where he had little, if any, involvement in the actual

16

return preparation. (Document No. 55, p. 5, n. 1). Defendant has identified two cases that it contends support a finding that Plaintiff is liable as the employer, regardless of the extent of his involvement with the tax returns or whether he signed them. See (Document No. 61, pp. 4-6) (citing Bui v. United States, 2001 WL 1244754 (W.D.Wash. 2001) and Schneider v. United States, 257 F.Supp.2d 1154 (S.D.Ind. 2003)).

First, Defendant argues that Bui "makes clear that the Plaintiff's argument that he cannot be liable because he neither signed nor prepared the 19 returns is simply wrong…." (Document No. 61, p. 5). However, Defendant then notes that the "IRS assessed Section 6694 and 6695 penalties against Bui **because she signed** the returns despite the fact it was undisputed her husband prepared all the returns" and that the Bui court observed "that **Bui's signature made her presumptively responsible**." (Document No. 61, p. 5) (citing Bui, 2001 WL 1244754 at * 1-3) (emphasis added).

The undersigned finds the following excerpt from Bui to be instructive:

> Indeed, the applicable regulations *require a return preparer* to "manually sign the return or claim for refund (which may be a photocopy) in the appropriate space provided on the return or claim for refund." 26 C.F.R. § 1.6695–1(b)(1). Bui did this, and her training in income tax preparation undoubtedly made her aware of the significance of that act.
>
> **Bui's signature on the tax returns also constitutes a declaration**, sworn to under penalty of perjury, that she had "examined th[e] return and the accompanying schedules and statements, and [that] to the best of [Bui's] knowledge and belief, they are true, correct, and complete." IRS Form 1040, Declaration of Paid Pre-parer. Moreover, the Revenue Code provides that if "the preparer is unavailable for signature, another preparer shall review the entire preparation of the return or claim for refund, and then shall manually sign the return or claim for refund." 26 C.F.R. § 1.6695–1(b)(1). *See also United States v. Bailey*, 789 F.Supp. 788, 815 (N.D.Tex. 1992) ("**The only circumstance under which a person can sign his name to a return he did not prepare is if the signer reviews**

> the entire preparation of the return and is satisfied that the
> return is prepared properly ... the preparer whose signature
> appears at the bottom of the return is responsible for the
> contents of the return.").  To the extent that Bui's husband initially
> prepared any of the returns she ultimately signed, **Bui became the
> return preparer as a matter of law when she adopted and
> vouched for the correctness of those returns**.  Bui simply cannot
> make sworn representations under penalty of perjury, which
> declarations are attested to **by her signature**, and now **avoid the
> civil penalties** for failing to fulfill the obligation of reviewing the
> entire return she expressly undertook.
> . . .
> As detailed above, **Bui's signature** as the paid preparer on the
> subject returns is her sworn certification of the accuracy of the entire
> contents of those returns.

Bui, 2001 WL 1244754, at *2–3 (emphasis added).  The undersigned finds that the crux of the Bui

decision is not that Ms. Bui was liable for penalties because she *employed* the person who prepared

the tax returns, but because she was the *signer* of the tax returns.  Id.

Defendant contends that Schneider "similarly shows that an individual may be liable even

if he did not prepare a substantial portion of a return."  (Document No. 61, p. 6).  Defendant

contends that Mr. Schneider, like Ms. Bui, could be held responsible for the return because his

employee prepared the return.  Id. (citing Schneider, 257 F.Supp.2d at 1155).

The undersigned again disagrees with Defendant's interpretation of the caselaw.  While it

is accurate that both Bui and Schneider support a finding that the employer can meet the statutory

definition of "tax return preparer," both cases base liability for penalties on the fact that the

employer was also the signer on the return.

The Schneider decision states that "Mr. Schneider is plainly a 'signing preparer.'"

Schneider, 257 F.Supp.2d at 1160 (citing 26 U.S.C. § 7701(36)(A)).  Schneider further states that

the statutory definition of income tax preparer, in conjunction with the regulations to section 6694,

"make[s] clear that a **professional preparer who signs a tax return** may not avoid a preparer

penalty by casting blame on his or her employees. Mr. Schneider's belated attempt to do so cannot help him escape liability for any deficiencies **in the return he signed**." Schneider, 257 F.Supp.2d at 1160-1161.

The undersigned is not persuaded that Schneider supports Defendant's argument. Defendant "agrees that signing a tax return makes the signer presumptively responsible." (Document No. 61, p. 4) (citing Treas. Reg. § 1.6694-(b)(2)). The undersigned observes that the Schneider decision found Mr. Schneider could not escape liability where he signed the return. Schneider, 257 F.Supp.2d at 1156, 1160-1161. In this case, Mr. Lowery did not sign any of the nineteen (19) returns in question. Moreover, there appears to be no reason to rebut the presumption that the actual signers of the tax returns were responsible, especially where there is no evidence that Mr. Lowery prepared a "substantial portion," or any portion, of the returns in question.

Contrary to Defendant's conclusion that Bui and Schneider support liability based on Plaintiff's alleged role as an employer, the undersigned finds that both Bui and Schneider support a finding that it is the tax preparer who signed the return that is liable for § 6694 penalties. This finding is consistent with Defendant's own acknowledgement that signing a tax return makes the signer presumptively responsible.

Based on the foregoing, the undersigned is convinced that a reasonable jury could not return a verdict finding Plaintiff liable for the alleged understatement of tax liability on the nineteen (19) tax returns in dispute that he did not prepare or sign. The deposition testimony, Plaintiff's declaration, and even Defendant's own list of undisputed facts, support Plaintiff's view of the case as to at least the nineteen (19) returns. See (Document No. 37-1; Document No. 43-1; Document No. 51-7; and Document No. 51-2). Moreover, Defendant has failed to "set forth specific facts showing there is a genuine issue for trial." See Anderson, 477 U.S. at 248. Even if Plaintiff was

a "tax return preparer" according to the statute, since the undisputed facts show that he was not involved with and did not sign these nineteen (19) returns, a reasonable jury could not find that Plaintiff's conduct regarding these disputed returns was willful or reckless. See 26 U.S.C. § 6694(b)(1) & (2).[2] As such, it appears that Defendant's assessment of penalties against Plaintiff for alleged understatement of tax liability in the nineteen (19) returns was misplaced. The undersigned is satisfied that Defendant has failed to meet its burden of showing willful conduct, and that Plaintiff has adequately shown the absence of reckless or intentional disregard.

Unlike the nineteen (19) returns, Plaintiff acknowledges that he prepared and signed the remaining six (6) returns in dispute here. As to these remaining six (6) returns, the undersigned is persuaded that whether Plaintiff's conduct was willful or reckless are questions of fact that should be decided by a jury. Compare (Document No. 34, pp. 15-20 and Document No. 40, pp. 10-14).

Therefore, the undersigned will grant "Plaintiff's Motion For Summary Judgment" (Document No. 33) as to the nineteen (19) returns and deny the motion as to the six (6) returns.

## B. Defendant's Motion For Summary Judgment

Defendant seeks summary judgment denying Plaintiff's tax refund claim, and in favor of Defendant for Plaintiff's unpaid balance on the assessed § 6694(b) penalties, plus accrued interest, on the twenty-five (25) returns at issue in this case. (Document No. 37); see also (Document No. 28). Defendant contends that the Court must decide two issues: (1) whether Lowery is a "return preparer" responsible for the six (6) returns he prepared and the nineteen (19) returns for which he

---

[2] See also United States v. Jerry O. Adams III, 445 F.Supp.2d 586 (W.D.N.C. May 23, 2006) (Jerry Adams determined to be tax preparer and enjoined under 26 U.S.C. § 6694 & 6695, even though his son Brian Adams was the sole proprietor of First Choice Tax Service and transmitted the returns to the IRS).

is alleged to be the employer; and (2) whether the alleged understatement of tax liability on the returns was the result of reckless or willful conduct. (Document No. 37, p. 5).

For the purpose of deciding the pending motions, the Court assumes, *arguendo*, that Plaintiff is a statutory "tax return preparer" of the six (6) returns he signed, and the nineteen (19) returns he did not sign. The Court is focused on whether there are genuine issues of fact as to whether Plaintiff is liable for either set of returns due to willful or reckless conduct.

The information and arguments in the briefing and attachments to the cross motions is overlapping and largely repetitive; nevertheless, the undersigned has considered all the documents. After careful consideration of all the briefs, exhibits, and oral argument, the undersigned is still not persuaded that Plaintiff signed, prepared, or had any input in the preparation of the nineteen (19) returns. As such, and as addressed above, the undersigned has determined that a reasonable jury could not find Plaintiff engaged in willful or reckless conduct to create liability under § 6694(b) as alleged by Defendant. "[W]illfulness does not require fraudulent intent or an evil motive; it merely requires a conscious act or omission made in the knowledge that a duty is therefore not being met." Bailey, 789 F.Supp. at 813 (citing Pickering v. United States, 691 F.2d 853, 855 (8th Cir. 1982)). There is no evidence that Plaintiff made such a conscious act or omission regarding the nineteen (19) returns at issue. Similarly, there is no evidence that Plaintiff understated any tax liability due to reckless or intentional disregard of rules or regulations, as to the nineteen (19) returns.

Moreover, the undersigned is not persuaded that § 6694(b) allows Defendant to properly attach liability to Plaintiff for the returns he was not involved with that were signed by other tax return preparers. Even after allowing oral argument and supplemental briefing, Defendant has failed to identify relevant legal authority that supports the imposition of § 6694(b) penalties under

the circumstances of this case. Judgment as to the nineteen (19) returns will, therefore, be entered in favor of Plaintiff.

The undersigned *does* find that there are issues of fact as to the preparation of the other six (6) returns that should be considered by a jury, unless the parties are able to resolve this matter. It is undisputed that Plaintiff prepared and signed these returns, and the questions of whether his conduct in doing so was willful or reckless should be presented to a jury.

Based on the foregoing, the undersigned will deny Defendant's "Cross-Motion For Summary Judgment" (Document No. 36).

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Summary Judgment" (Document No. 33) is **GRANTED in part and DENIED in part**, as described herein.

**IT IS FURTHER ORDERED** that Defendant's "Cross-Motion For Summary Judgment" (Document No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a Pretrial Conference on **February 7, 2019**, and a trial, if necessary, will be held during the civil term beginning **February 19, 2019**.

**SO ORDERED**.

Signed: September 25, 2018

David C. Keesler
United States Magistrate Judge