**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-701-DCK**

| | |
|---|---|
| MARSHALL O. LOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Award Of Costs And Fees" (Document No. 89) filed June 24, 2019, and a succession of memoranda, responses, and replies. (Document Nos. 90, 92, 93, 96). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the pending motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion. The Court will award to Plaintiff costs and fees totaling $48,353.95 in this matter.

## BACKGROUND

On August 7, 2014 – after an investigation that began in February of 2012 – the Internal Revenue Service ("Service") proposed tax preparer penalties against Marshall O. Lowery ("Plaintiff") under I.R.C. § 6694(b), totaling $170,000 and arising out of 34 tax returns. (Document. No. 51, Ex. 2, Reports of Tax Return Preparer Penalty Case).

On January 26, 2016, the Service's Appeals Office dismissed nine of the 34 penalties in their entirety and reduced the penalty on the 19 returns prepared by persons other than Plaintiff from the statutorily mandated amount of $5,000 to $2,500. (Document. No. 51, Ex. 6, Mical Decision). Consequently, on February 22, 2016, the Service assessed I.R.C. § 6694(b) tax preparer

penalties against the Plaintiff in the amount of $77,500, arising out of 25 tax returns.

On March 22, 2016, pursuant to I.R.C. § 6694(c) and Treas. Reg. § 1.6694-4, Plaintiff filed a claim for refund and remitted payment in the amount of 15% of each penalty. After the Service failed to take action on the claims for refund, Plaintiff filed his action for refund on October 3, 2016, in accordance with I.R.C. § 6694(c) and Treas. Reg. § 1.6694-4. (Document No. 1).

On September 25, 2018, this Court granted, in part, "Plaintiff's Motion for Summary Judgment" (Document No. 33) and dismissed the penalties asserted by Defendant on the 19 tax returns that Plaintiff did not prepare or sign. (Document No. 62). In its ruling, the Court noted,

> . . . the undersigned is not persuaded that § 6694(b) allows Defendant to properly attach liability to Plaintiff for the returns he was not involved with that were signed by other tax return preparers. Even after allowing oral argument and supplemental briefing, Defendant has failed to identify relevant legal authority that supports the imposition of § 6694(b) penalties under the circumstances of this case.

(Document No. 62, pp. 21-22).

On May 16, 2019 – just two business days before the trial of this matter – the parties reached a settlement, pursuant to which Plaintiff would accept liability for three of the remaining six tax returns at issue and would agree to cap his claim for costs and fees, pursuant to 26 U.S.C. § 7430, at $50,000. (Document Nos. 90-1, 90-2); see also (Document No. 84)

As a result of the foregoing administrative and judicial proceedings, $140,000 of the initial proposed $170,000 in penalties – arising out of 28 of the initial 34 tax returns – were dismissed. The settlement resulted in liability of $15,000, arising out of three returns, in lieu of liability of $170,000, arising out of 34 returns.

## LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure permits a party, by motion, to seek costs and attorney's fees, if the movant is entitled by law to an award of such costs and fees.

2

Fed.R.Civ.P. 54.

> Under 26 U.S.C. § 7430,
>
>> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—
>>
>> **(1)** reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
>> **(2)** reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430(a). The term "administrative proceeding" means any procedure or other action before the Internal Revenue Service. 26 U.S.C. § 7430(c)(5). The term "court proceeding" means any civil action brought in a court of the United States. 26 U.S.C. § 7430(c)(5).

"Reasonable litigation costs" include "reasonable court costs" and "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding." 26 U.S.C. § 7430(c)(1). "Reasonable administrative costs" include reasonable attorney's fees. 26 U.S.C. § 7430(c)(2). The recoverable attorney's fees are presumptively limited to a cost-of-living adjusted hourly rate. 26 U.S.C. § 7430(c)(1)(B)(iii). For fees incurred in calendar year 2014, the attorney fee award limitation is presumptively $190 per hour. Rev. Proc 2013-35. For fees incurred in calendar years 2015, 2016, 2017, 2018, and 2019, the attorney fee award limitation is presumptively $200 per hour. Rev. Proc. 2014-61; Rev. Proc. 2015-53; Rev. Proc. 2016-55; Rev. Proc. 2017-58; Rev. Proc. 2018-57.

By law, Plaintiff is entitled to costs and attorney's fees if Plaintiff is the "prevailing party." 26 U.S.C. § 7430(a). Generally, the prevailing party is the party which "has substantially prevailed with respect to the amount in controversy" or "has substantially prevailed with respect to the most

significant issue or set of issues presented" and which meets certain net worth requirements. 26 U.S.C. § 7430(c)(4)(A). The Court determines whether Plaintiff is the prevailing party. 26 U.S.C. § 7430(c)(4)(C).

However, a party shall not be treated as the "prevailing party" if "the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B). There is a "[p]resumption of no justification if the Internal Revenue Service did not follow certain published guidance." Id. The term "position of the United States" means the position taken by the United States in a judicial proceeding and the position taken in an administrative proceeding "as of the earlier of – (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." 26 U.S.C. § 7430(c)(7).

## DISCUSSION

The parties in this matter were diligently represented, and as noted, on the issue of costs and fees, significant legal pleadings were filed. See (Document Nos. 89, 90, 92, 93, 96). Given the thorough written legal arguments presented in these pleadings, the Court does not believe a lengthy analysis is warranted here. Cutting to the chase, the undersigned finds that an order of costs and fees is warranted for the entirety of the administrative proceedings and for all of the federal litigation, except the litigation over the six returns that were the subject of the parties' final negotiation.

In short, Plaintiff argues that he is "the prevailing party and therefore entitled to recover his costs and attorney's fees because: 1) he has substantially prevailed in these proceedings; 2) the Plaintiff meets the statutory net worth requirements; and 3) the United States cannot meet its burden of showing that its position is substantially justified." (Document No. 90, pp. 6-7).

Defendant argues in its pleadings counter to each of these three assertions, spending particular energy arguing over Plaintiff's net worth. For the reasons briefly set forth below, the Court finds – with one caveat – that Plaintiff is correct.

First, it is clear on these facts that Plaintiff has "substantially prevailed" in these proceedings. This matter began with the Service assessing penalties totaling $170,000 arising from 34 returns. In January 2016, the Service to its credit dismissed the penalties arising from nine of those original 34 <u>and</u> reduced the penalty owing for each of 19 returns prepared by persons other than Plaintiff from $5,000 to $2,500. In September 2018, the Court granted summary judgment for Plaintiff on the penalties arising from those 19 returns, thus leaving in dispute just the six returns signed by Plaintiff. Shortly before trial, the parties settled, essentially agreeing to "split the difference" by having Plaintiff accept responsibility for three returns and capping his claim for costs and fees at $50,000. Given Defendant's opening assessment when the dispute began, the Court will find that Plaintiff settling this matter for $15,000 arising from three returns constitutes "substantially prevailing."

Next, Plaintiff meets the net worth requirement under the statute for receiving costs and fees. Plaintiff correctly notes that:

> To be considered the "prevailing party," the Plaintiff must meet the net worth requirements set forth in 28 U.S.C. § 2412(d)(2)(B). 26 U.S.C. § 7430(c)(4)(A)(ii). To meet this requirement, the Plaintiff must show that his "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

(Document No. 90, p.8). Defendant spends a lot of energy and dozens of pages in pleadings and exhibits arguing that Plaintiff's net worth exceeded $2 million at the time this action was filed. Nonetheless, Plaintiff's Memorandum (Document No. 90) and his Reply (Document No. 93) include a satisfactory showing that Plaintiff's net worth was between $1 million and $2 million at

the relevant time. For example, Exhibit 2 to Plaintiff's Reply, headed "Marshall Lowery Net Worth as of October 3, 2016," sets forth a net worth of $1,373,881.57. (Document No. 93-1). The Court finds this sufficient to satisfy the statutory net worth requirement.

Last, Plaintiff acknowledges that he will not be the prevailing party for purposes of costs and fees if Defendant establishes that its position in this matter was "substantially justified." 26 U.S.C. § 7430(c)(4)(B). For many of the same reasons already set forth above, the Court finds that Defendant's position is "substantially justified" <u>only</u> as to the six returns actually signed by Plaintiff. These are the six matters over which the parties negotiated just before trial, and for three of which Plaintiff has accepted liability. As to those matters that were administratively dismissed and those summary judged by the Court for Plaintiff, the Court respectfully finds that Defendant's position was <u>not</u> substantially justified. <u>See</u> (Document No. 62).

Thus, based on the foregoing analysis, Plaintiff is the "prevailing party" and costs and fees are owing to Plaintiff. The Court will accept the arithmetic offered by Plaintiff in anticipation of a judgment that excluded the litigation over the final six returns, but included all other administrative and litigated matters. Therefore, the Court will order payment of $4,426.75 in costs and $43,927.20 in fees, for a total amount of $48,353.95. <u>See</u> (Document No. 90, p. 16).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Award Of Costs And Fees" (Document No. 89) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiff **$48,353.95** in costs and fees associated with this matter.

**SO ORDERED**.

Signed: March 11, 2020

_____
David C. Keesler
United States Magistrate Judge